JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE                                  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

MARY ANNE KWITTER : 
19 Kester Drive : CIVIL NO. _____
Edison, NJ 08817 :
 :
       Plaintiff, :
 : **JURY TRIAL DEMANDED**
   v. :
 :
JF HILLEBRAND USA, INC. :
d/b/a HILLEBRAND :
2147 NJ-27 #401 :
Edison, NJ 08817 :
 :
       Defendant. :

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Mary Anne Kwitter ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant JF Hillebrand USA, Inc. d/b/a Hillebrand ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay overtime compensation for all hours worked over forty (40) in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.* (with respect to age).[1]

2. Plaintiff was an employee of Defendant who was employed in the position of Receptionist during her tenure of employment. During the course of her employment, Plaintiff

---

[1] Plaintiff intends to Amend this pleading after sixty (60) days to bring claims under the Age Discrimination in Employment Act ("ADEA"), subsequent to the time required by the Equal Employment Opportunity Commission to investigate Plaintiff's Charge of Discrimination.

regularly worked more than forty (40) hours per workweek, but was not properly compensated for her work in that Plaintiff was not paid an overtime premium at 1.5 times her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully misclassified Plaintiff as "exempt" under the FLSA, and the WHL, and failed to accurately track and pay her for all hours worked.  Accordingly, Plaintiff contends that she is owed unpaid wages and overtime compensation which were denied to her as a result of Defendant's unlawful pay practices.

3. Plaintiff brings this action under the FLSA, the WHL, and the LAD for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## PARTIES

4. Plaintiff Mary Anne Kwitter is a citizen of the United States and New Jersey, and currently maintains a residence at 19 Kester Drive, Edison, NJ 08817.

5. Defendant JF Hillebrand USA, Inc. d/b/a Hillebrand is a for-profit company, that maintains a business address of 2147 NJ-27 #401, Edison, NJ 08817 in Middlesex County, New Jersey.

6. Defendant is a "private employer" and covered by the FLSA.

7. Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

8. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of her employment with and for Defendant.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

10. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her FLSA claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the state of New Jersey.

## FACTUAL BACKGROUND

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began her employment with Defendant in or around June 1999 in the position of Receptionist.

15. Throughout the course of Plaintiff's employment with Defendant, Plaintiff performed her job well, receiving positive feedback, and no justifiable discipline.

### Facts Pertaining to Plaintiff's FLSA/WHL Claims

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. During a typical workweek, Plaintiff typically worked, on average, approximately forty-five (45) to fifty (50) hours per workweek.

18. For example, the week of February 1, 2020 through February 8, 2020, Plaintiff worked approximately forty-three (43) hours, but was not compensated for all hours worked over forty (40) hours, or at 1.5 times her regular rate of pay for all hours worked over forty (40) hours.

19. Accordingly, Plaintiff was not compensated for all hours worked over forty (40) hours.

20. Critically, Plaintiff was not compensated at 1.5 times their regular rate of pay for all hours worked over forty (40) hours for each workweek.

21. As a Receptionist, Plaintiff was the first point of contact for visitors, ordered supplies for Defendant's office, ordered stationary, company letterhead, and business cards, scheduled company car maintenance, answered phone calls, booked travel arrangements, and processed arrival notices from shipments that arrived in port for delivery to clients, as well as other routine administrative and clerical functions.

22. Plaintiff provided the aforementioned services on a schedule determined by Defendant, who instructed Plaintiff where and when to report to work.

23. Defendant maintained similar control over the manner by which Plaintiff performed her duties as Receptionist, in that Defendant was responsible for assigning duties and work to Plaintiff.

24. Defendant paid Plaintiff on a salary basis for all hours worked.

25. Defendant unlawfully misclassified Plaintiff as an "exempt" employee, thus determining that she was not entitled to overtime compensation under the FLSA/WHL.

26. Defendant failed to pay Plaintiff any overtime compensation for the hours worked over forty (40) in a workweek.

27. Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

28. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA/WHL.

29. In violation of the FLSA/WHL, Defendant failed to accurately track, record, and report all the hours worked by Plaintiff.

30. Plaintiff was non-exempt within the meaning of the FLSA/WHL.

31. Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating practices, but instead performed her job duties subject to specific instructions and/or guidelines provided by Defendant.

32. As such, Plaintiff's primary job duties did not include the performance of work requiring advanced knowledge and the consistent exercise of discretion and judgment.

33. Moreover, Plaintiff did not have the authority to commit Defendant in matters having significant financial impact, nor did she have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

34. Accordingly, Plaintiff did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/WHL while she was employed in the position of Receptionist.

35. Moreover, in the role of Receptionist, Plaintiff's job did not involve any managerial responsibilities, nor did Plaintiff have any employees reporting to her or to whom she regularly gave direction. Furthermore, Plaintiff did not have the authority to hire or fire other employees,

nor did she make any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

36. Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/WHL while she was employed in the role of Receptionist.

37. Plaintiff did not qualify for the exemption for learned professionals under the FLSA/WHL. Plaintiff did not perform work requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

38. Accordingly, Plaintiff did not qualify for the learned professional exemption under the FLSA/WHL.

39. Finally, there are no other exemptions under the FLSA and/or WHL which could arguably be applicable to Plaintiff in her role as a Receptionist.

40. Plaintiff was, within the meaning of the FLSA and WHL, a non-exempt employee of Defendant and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

41. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

### Facts Pertaining to Plaintiff's LAD Claims

42. Paragraphs 1 through 41 are hereby incorporated by reference as though the same were fully set forth at length herein.

43. Plaintiff began her employment with Defendant in or around June 1999 in the position of Receptionist.

44. Throughout the course of Plaintiff's employment, Plaintiff performed her job well, received occasional praise, annual raises and bonuses, and no discipline.

45. Plaintiff is currently sixty-five (65) years of age.

46. Throughout the course of Plaintiff's employment, Defendant's Manager and Plaintiff's direct report, Ed Tadych ("Mr. Tadych"), pointedly brought up Plaintiff's age in a manner that was explicitly intended to criticize and belittle her character, and the ability in which she performed the essential functions of her job.

47. Notably, Plaintiff ceased to receive her annual raises and/or bonuses after Mr. Tadych became Plaintiff's direct report.

48. On or about October 13, 2020, Defendant hired an individual in the position of Office Coordinator.

49. However, despite being a different job title, the Office Coordinator position mirrored Plaintiff's job responsibilities and duties.

50. Moreover, the individual hired for the Office Coordinator position was approximately twenty-five (25) to thirty (30) years of age.

51. Then, on or about October 15, 2020, Plaintiff was terminated from employment with Defendant by Mr. Tadych.

52. Plaintiff was told the reason for her termination was due to the novel coronavirus ("COVID 19"), despite Defendant hiring a substantially younger individual to fulfill the same job responsibilities and duties that Plaintiff previously performed two (2) days prior.

53. Notably, the temporal proximity between Defendant hiring a substantially younger individual to fulfill Plaintiff's previous responsibilities and job duties, and Plaintiff's termination is unusually suggestive.

54. Accordingly, it is believed and therefore averred the reason provided for Plaintiff's termination were pretextual and she was actually terminated on the basis of her age, in violation of the LAD.

55. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

56. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

57. Pursuant to Section 206(b) of the FLSA, all non-exempt employees must be compensated for every hour worked in a workweek.

58. Moreover, Section 207(a)(1) of the FLSA states that non-exempt employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

59. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.

60. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

61. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

62. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

### COUNT II
### NEW JERSEY WAGE AND HOUR LAW
### N.J.S.A. 34:11-56a, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

63. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were fully set forth at length herein.

64. Plaintiff was an employee covered by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, and was thus entitled to the protections therein.

9

65. The WHL provides that an employer must pay certain wages, including overtime wages, to non-exempt employees. See N.J.S.A. 34:11-56(a)4.

66. The WHL further provides that non-exempt employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over forty (40) in a workweek. See N.J.S.A. 34:11-56(a)4.

67. By its actions alleged above, Defendant has violated the provisions of the WHL by failing to properly pay overtime compensation.

68. As a result of Defendant's unlawful actions, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts together with interest, costs, and attorneys' fees pursuant to the WHL.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the WHL; and

C. An award to Plaintiff for any other damages available to her under applicable New Jersey law, and all such other relief as this Court may deem proper.

### COUNT III
### THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. § 10:5-1, *et seq.*
### DISCRIMINATION - AGE

69. Paragraphs 1 through 65 are hereby incorporated by reference as though the same were more fully set forth at length herein.

70. At all times relevant hereto, Plaintiff was an employee within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*.

71. Pursuant to the LAD, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her age at the time of her termination, sixty-five (65).

72. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

73. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

74. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

75. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

  E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

        Respectfully submitted

        **MURPHY LAW GROUP, LLC**

    By: */s/ Michael Murphy, Esq.*
      Michael Murphy, Esquire
      Eight Penn Center, Suite 2000
      1628 John F. Kennedy Blvd.
      Philadelphia, PA 19103
      TEL: 267-273-1054
      FAX: 215-525-021
      murphy@phillyemploymentlawyer.com
      *Attorney for Plaintiff*

Dated: February 25, 2021

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.