NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANNE KWITTER,<br><br>    Plaintiff,<br><br>v.<br><br>JF HILLEBRAND USA, INC. d/b/a HILLEBRAND<br><br>    Defendant. | Civil Action No.: 21-3519<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

  This matter comes before the Court upon the unopposed motion of plaintiff Mary Anne Kwitter ("Plaintiff") to approve the settlement reached between the parties in January 2022 (the "Settlement Agreement"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). It appearing that:

1. On February 25, 2021, Plaintiff filed this lawsuit against her ex-employer, JF Hillebrand USA, Inc. d/b/a Hillebrand ("Defendant") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law (the "WHL"), N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. 10:5-1, *et* seq. ECF No. 1. In her Complaint, Plaintiff alleged, *inter alia*, that Defendant misclassified her as "exempt" within the meaning of the FLSA and the WHL, resulting in the denial of overtime compensation. *See* id. at ¶¶ 16–41.

2. On April 20, 2021, Plaintiff filed an Amended Complaint, adding a claim alleging violations of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq.* ECF No. 4.

1

3. In January 2022, Plaintiff and Defendant entered into the Settlement Agreement. ECF No. 16 at 14–27.  The claims asserted in this action have been settled for a total gross sum of $40,000, which includes attorneys' fees and costs. Id. at 15–16.  In exchange for a release from Plaintiff, Defendant will pay Plaintiff $25,598 for alleged statutory damages, as well as $14,402 for Plaintiff's attorneys' fees. Id.

4. The Court approves the Settlement Agreement because, as explained below, the compromise reached:  (1) resolves a bona fide dispute; (2) is fair and reasonable to Plaintiff; and (3) will not frustrate the implementation of the FLSA in the workplace. Further, the Court approves the Settlement Agreement's provision for payment of attorneys' fees as reasonable.

5. First, the compromise reached resolves a bona fide dispute as to Plaintiff's ability to recover unpaid wages and other damages.  Plaintiff alleges that Defendant willfully denied her overtime compensation. ECF No. 1 at 10.  In rebuttal, Defendant disputes Plaintiff's eligibility for overtime compensation, her account of the number of overtime hours she worked, and the likelihood of an award of liquidated damages or the application of a three-year "willful violation" statute of limitations under the FLSA. ECF No. 16 at 5–7.  For these reasons, there is a bona fide dispute between the parties.

6. Second, the Settlement Agreement is fair and reasonable to Plaintiff.  Under the terms of the settlement, Defendant will pay $25,598 to Plaintiff. Id. at 15–16.  In the estimate of Plaintiff's counsel, this amount constitutes full payment for Plaintiff's alleged overtime wages and 100% of the liquidated damages on that amount she could reasonably expect to prove at trial under the FLSA. Id. at 7.  Additionally, Plaintiff's counsel is receiving attorneys' fees for their representation of Plaintiff in this dispute. Id. at 8.  All parties have

been represented by counsel in this litigation and negotiations were at arms' length. Id. at 5. Based on these factors, the Court determines that the Settlement Agreement is fair and reasonable to Plaintiff.

7. Third, the terms of the Settlement Agreement further the purpose of the FLSA. Under the Settlement Agreement, Plaintiff is receiving alleged unpaid overtime and the purportedly maximum amount of liquidated damages, as well as attorneys' fees. The Court notes that, "while the Settlement Agreement does contain a limited confidentiality provision, it does not contain a material default provision which might provide Defendant with the means to retaliate against Plaintiff in the event of her breach of that provision." Id. at 10. Moreover, a copy of the Settlement Agreement has been filed on the public docket in recognition of the "strong presumption that FLSA settlements should be available for public view." *Lyons v. Gerhard's Inc.*, No. 14–06693, 2015 WL 4378514, at *3 (E.D. Pa July 16, 2015) (citation omitted).

8. The Court also approves the Settlement Agreement's provision for payment of attorneys' fees. As noted above, the Settlement Agreement provides for attorneys' fees in the amount of $14,402. "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit[.]" *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *See In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); *see also Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). Here, the Settlement Agreement's provision for payment of attorneys' fees

represents 35 percent of the total settlement amount and, thus, falls within the range of reasonable allocations in the context of awards granted in other, similar cases. *See In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *4; *Brumley*, 2012 WL 1019337, at *12. Further, a lodestar cross-check supports counsel's fee request. Plaintiff's counsel has spent 31.37 hours prosecuting this case, amounting to a lodestar amount of approximately $8,600, and a lodestar multiple of approximately 1.63. ECF No. 16 at 9–10, 30–32. "[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 341 (3d Cir. 1998) (quotation omitted). Therefore, the Court finds the award of attorneys' fees is not excessive and approves the Settlement Agreement's provision for payment of attorneys' fees.

**Accordingly, IT IS** on this 4th day of February, 2022,

**ORDERED** that the Settlement Agreement is hereby **APPROVED** as to all of the terms of the agreement; it is further

**ORDERED** that the Settlement Agreement's provision for payment of attorneys' fees is hereby **APPROVED**; it is further

**ORDERED** that the parties shall comply with all deadlines and terms in the Settlement Agreement; it is further

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the file.

**SO ORDERED.**

                                         *s/ Claire C. Cecchi*
                                     **CLAIRE C. CECCHI, U.S.D.J.**